IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> KEVIN CHAPPELL, as Acting Warden of San ) <br> Quentin State Prison, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. 1:13-cv-00337 AWI <br><br> <u>DEATH</u> <u>PENALTY</u> <u>CASE</u> <br><br> ORDER DENYING MOTION TO DISQUALIFY PRESIDING JUDGE, DISMISSING PRO SE PETITION, DIRECTING CLERK TO ENTER JUDGMENT, AND DENYING A CERTIFICATE OF APPEALABILITY |

On February 20, 2013, Petitioner Richard J. Vieira ("Vieira") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) and leave to proceed in forma pauperis in the United States District Court for the Northern District of California. Two days later, the Northern District Court, by the Honorable Charles R. Breyer, transferred the case to the Eastern District of California, Fresno Division. Thereafter, on March 8, 2013, Vieira filed a motion for further evidentiary development (doc. 6) and a motion to disqualify the undersigned from hearing his case (doc. 7).[1]

**I.    Overview**

Vieira is a condemned inmate at California State Prison, San Quentin. His chief complaint in the present proceedings is that California Supreme Court death penalty litigation procedures

---

[1] Vieira's motion for reconsideration of Judge Breyer's order transferring the case from the Northern District to the Eastern District was transmitted directly to the Northern District by the Fresno Division Clerk's Office. Vieira's separate motion for clarification of Judge Breyer's order was returned to him (Vieira) for refiling with the Northern District if he so chooses.

deprive him of merits review of his underlying substantive claims challenging his conviction and sentence. He believes that because the California Supreme Court deemed the majority of his state habeas claims defaulted on untimely and other procedural grounds, his claims will be similarly barred in federal court.

Vieira is mistaken. This Court has made clear, on more than one occasion, that habeas claims presented in death penalty cases under 28 U.S.C. § 2254, including Vieira's, will be considered on the merits before the matter of procedural default is considered.

## II.     Procedural Background

Vieira initially commenced federal habeas proceedings regarding his conviction and sentence on November 22, 2005 by filing an application for stay of execution and appointment of counsel, plus a motion to proceed in forma pauperis. These requests were filed by the Court under case number 1:05-cv-1492 (hereafter "Federal Habeas Action"). In due time, counsel were appointed to represent Vieira and investigation of his federal claims culminated with the filing of a timely, comprehensive federal petition, on October 29, 2006, alleging 46 claims, plus numerous subclaims. Two days later, Vieira (through counsel) filed a comprehensive state habeas petition in the California Supreme Court, raising the same federal constitutional claims. This state petition was Vieira's first post-conviction pleading filed in state court. On November 6, 2006, Vieira (through counsel), filed a motion to hold the Federal Habeas Action in abeyance while his federal claims were exhausted in state court. The motion was granted on January 4, 2007 over the objections of Respondent Warden of California State Prison at San Quentin (the "Warden"). The California Supreme Court denied Vieira's state petition on June 24, 2009 on the merits and for various procedural reasons, including untimeliness, that the claims already had been rejected on direct appeal, that the claims should have been raised on direct appeal in the first instance, that one claim should have been raised before the state trial court, and that one claim was premature.

Before the California Supreme Court entered its June 24, 2009 order, Vieira began submitting documents pro se for the Court's consideration beginning on March 10, 2009 with a motion to show cause why the Court should not excuse exhaustion and decide the claims presented in the Federal Habeas Action on the merits. The Court refused to bypass the exhaustion process and denied

Vieira's pro se motion on April 22, 2009.  A motion for reconsideration followed which the Court also denied on May 21, 2009.

Once the proceedings were back in federal court, the Court ordered the Warden to file an answer, which after an extension of time, he did on December 9, 2009.  In the answer, the Warden largely relied on the concept of procedural default, which he asked the Court to litigate first.  Before addressing this request, the Warden agreed that the claims in the petition filed in the Federal Habeas Action were fully exhausted.  On January 14, 2010, the Court entered an order informing the parties that the Court would address the merits of the claims in the petition before addressing the Warden's claims of procedural default.

Briefs submitted by the parties addressing the merits of the petition were filed on September 1, 2010 (Vieira, through counsel), July 21, 2011 (the Warden), and January 9, 2012 (Vieira).  On January 23, 2012, Vieira, through counsel, filed a motion for further evidentiary development, that is an evidentiary hearing as to nine claims, and a request to expand the record as to one additional claim.  The motion is supported by many volumes of exhibits.  The Warden filed his opposition brief to Vieira's motion for further evidentiary development on March 15, 2012, and Vieira's reply was filed on April 12, 2012.  That motion is pending and has been submitted for decision by the Court. The Court will address the merits of the claims presented in the Federal Habeas Action.

From the time state exhaustion proceedings were complete on June 24, 2009, Vieira has continued to submit pro se documents for filing.  Most of these submission have been returned because they sought a ruling on the merits of his claims and he is represented by counsel.  On November 21, 2011, however, the Court accepted a submission for filing, under seal, in which Vieira declared a conflict of interest with his appointed attorneys. On February 21, 2012, after conferring with the attorney selection board for the Eastern District of California, the Court appointed independent counsel to assist the Court in evaluating Vieira's assertion of a conflict of interest. Specifically, independent counsel was directed to ascertain the nature of Vieira's complaints about the legal representation he received and report that information to the Court confidentially, without disclosing attorney client communications.  On May 3, 2012, independent counsel filed his report

1  to which he appended a declaration over Vieira's signature dated April 30, 2012. This report was
2  filed confidentially, for the Court's use only.

3      The Court did not find anything in independent counsel's report which amount to a legally
4  cognizable conflict of interest with Vieira's appointed attorneys. Accordingly, on May 25, 2012, the
5  Court discharged independent counsel because his appointment had fulfilled the Court's objectives.
6  In a separate order on the same date, the Court addressed a number of Vieira's filings.

7      From these filings, the Court is aware Vieira believes the California procedure for
8  adjudicating death penalty claims results in a suspension of the writ, specifically because of
9  excessive delay and procedural rulings. He supports challenges to the California system by reference
10 to writings published by Ninth Circuit Judge Arthur L. Alarcón. The Court also is aware that Vieira
11 is unhappy with his appointed attorneys because of their apparent acquiescence in the alleged illegal
12 conduct of the California State Court system and for not advancing his arguments. Finally, the Court
13 is aware that Vieira's challenges to the California procedures is not isolated, but rather, part of an
14 apparent movement within the condemned prison population at San Quentin State Prison initiated
15 and encouraged by fellow-condemned inmate Theodore Shove.

16     Concurrently with the Court's evaluation of Vieira's asserted conflict of interest, the Court
17 also received and evaluated a pro se civil rights complaint over Vieira's signature and filed under
18 case number 1:12-cv-00044. In the civil rights complaint, Vieira alleged wrongs committed against
19 him by the California Supreme Court similar to those summarized above. The civil rights action was
20 opened on January 9, 2012 and terminated on September 17, 2012 when the Court adopted the
21 Findings and Recommendations of the magistrate judge for dismissal of his action. The Court
22 further addressed and denied Vieira's motion for reconsideration on October 26, 2012. When Vieira
23 appealed this ruling to the Ninth Circuit, the appellate court denied in forma pauperis status and
24 ordered him to pay the docketing and filing fees. Having not done so, the Ninth Circuit dismissed
25 his appeal on April 3, 2013.

26 **III.  Review of the Petition**

27     Vieira's petition in the present case alleges that under 28 U.S.C. § 2241(c)(3) that he is in
28 custody in violation of the "Constitution or Laws or Treaties of the United States." His specific

claims demonstrating this violation include some claims pleaded in his petition in the Federal Habeas Action (noted below), and others previously alleged in his pro se submissions. As discernible from his pleading he claims as follows:

    1.    His trial attorney refused to have second counsel appointed to represent him (alleged in the Federal Habeas Action).

    2.    His trial attorney rushed Vieira's case to trial separately and before any co-defendants were tried, without conducting adequate investigation and discovery (alleged in the Federal Habeas Action).

    3.    The trial prosecutor withheld exculpatory evidence (alleged in the Federal Habeas Action).

    4.    After the conviction and sentence were entered and Vieira's automatic appeal was pending before the California Supreme Court, the state court refused to accept his pro se submission challenging his appointed appellate counsel Richard L. Rubin. As a result, Vieira claims his right to participate in his own appeal was barred by the California Supreme Court.

    5.    After the conviction and sentence were affirmed by the California Supreme Court, Mr. Rubin, and second state counsel, Wesley A. Van Winkle,[2] filed a petition for certiorari with the United States Supreme Court, but no violations of federal law or the United States Constitution were presented in that petition because no habeas corpus issues had ever been investigated or presented to the California Supreme Court.[3]

---

[2] Mr. Van Winkle is one of Vieira's CJA appointed attorneys in the Federal Habeas Action.

[3] Vieira is mistaken that the direct appeal addressed no violations of the United States Constitution. For example, the direct appeal raised: Vieira's right to a change of venue so he could be tried by an impartial jury; the manner of jury selection; the impropriety of guilt phase jury instructions; the exclusion of relevant expert testimony; the admission of inflammatory photographic evidence; the inadequacy of the narrowing function of the California death penalty law; the exclusion of mitigating evidence during penalty phase proceedings; improper prosecutorial summation during penalty phase proceedings; and the impropriety of penalty phase jury instructions. (This list is not intended to be exhaustive.)

6.     Access to the courts is curtailed in California because of the extreme delay in entertaining an appeal.

7.     Once the Federal Habeas Action was commenced, Vieira's appointed counsel developed habeas claims that were presented in state and federal court. The state petition was denied on procedural grounds and the Warden's counsel, the State Attorney General, "is Now Litigating to the Federal Court, 'They MUST Uphold and Honor the State Court's Ruling on ALL the procedural and untimeliness DEFAULTS TO BAR REVIEW OF ALL ISSUES.'"

8.     Vieira's appointed counsel in the Federal Habeas Action would not raise his complaints about the flawed California Supreme Court death penalty litigation procedures, so he began preparing his own submissions. The federal court, however, would not accept or rule on his submissions. The conduct of the California Supreme Court is at odds with the United States Constitution and the decisions of the federal court in the Federal Habeas Action in refusing to address these transgressions also violates the Constitution.

9.     On February 9, 2010 Vieira filed a joint motion in the Federal Habeas Action to remove the then-presiding federal judge (the Honorable Oliver W. Wanger) and to have his appointed attorneys removed for cause. On February 18, 2010, the undersigned ruled on the request for disqualification of Judge Wanger, denying the request for lack of grounds. Judge Wanger then denied the motion for removal of appointed counsel.[4]

10.     Vieira, believing he had "<u>no other means</u> to Obtain Access to the Court to have <u>ALL ISSUES</u> presented on his behalf" filed a petition for writ of mandate with the Ninth Circuit regarding the two February 18, 2010 orders.

---

[4] In the order denying the motion for removal of appointed counsel the Court noted that the merits of Vieira's federal claims were being briefed so the Court could address those claims on the merits.

(Emphasis in original.)  The Ninth Circuit denied the writ as to both orders. Vieira alleges that all judges who have been presented with facts of his case have had the opportunity to correct the constitutional violations, but have failed to do so.

11. On November 17, 2011 Vieira submitted a motion for a hearing regarding his claimed conflict of interest with his appointed counsel in the Federal Habeas Action.[5]  As a result of this filing, the Court appointed independent counsel to ascertain the nature of the claimed conflict.  After receiving the report of independent counsel, the Court ruled there was no actionable conflict and discharged independent counsel.  The Court refused Vieira access to the report to which Vieira claims he is entitled.

12. On May 25, 2012, the Court issued an order regarding the illegality of the California Supreme Court procedures, ruling that it is without authority to correct the procedures of the California Supreme Court and that the claims alleged are not cognizable.  Vieira claims his allegations are cognizable under 28 U.S.C. § 2241(c)(3).

13. Vieira commenced the present action in the Northern District of California because the Court in the Federal Habeas Action "is being Motioned to **BAR REVIEW** of 36 of Petitioner's 46 Habeas Corpus Issues, and 40 subclaims[,] [w]hich were Ruled on by the California Supreme Court as procedurally/ untimely DEFAULTED, or because the issues were denied on the merits in Petitioner's Direct Appeal." (Emphasis in original.)  Venue within the Northern District is proper under 28 U.S.C. § 2241(d) because Vieira is in custody within the Northern District boundaries (even though his conviction and sentenced were obtained within the Eastern District boundaries).

---

[5] As noted above in the Procedural Background section, *supra*, the Court accepted this submission for filing on November 21, 2011.

14.    To exhaust his claims about the California procedures, Vieira filed a pro se habeas petition with the California Supreme Court on May 16, 2011. On July 18, 2012, his petition was stricken.

15.    The judicial and executive officers who have perpetuated the death penalty litigation procedures in California have committed treason by virtue of their actions and omissions.[6]

Vieira's prayer for relief requests:

    a.    Referral of his complaints to the United States Department of Justice to investigate the criminal acts he has described.

    b.    An order that he is in custody in violation of the United States Constitution.

    c.    A hearing at which he may present further evidence in support of his allegations.

Next, Vieira attaches a declaration realleging the complaints stated in the body of his petition and then Appendices A.1-1 through A.1-12 comprised of various court filings in the California Supreme Court and the Federal Habeas Action.

**IV.    Motion to Disqualify**

In his motion to disqualify the undersigned, Vieira claims the facts herein alleged demonstrate criminal conduct on the part of the State of California and thereby establish a prima facie case for habeas corpus relief under 28 U.S.C. § 2241(c)(3). He argues that the undersigned has chosen to ignore these allegations by stating the Court is without authority to provide a remedy for the violations alleged. In rendering this ruling, Vieira maintains the undersigned continues to support the illegal state process. In his view, these circumstances establish that the undersigned "IS AT WAR with the United States Constitution, Laws, and Treaties." (Emphasis in original.)

---

[6] This allegation is discerned from an excerpt of a document entitled "Synopsis Creation of Illegal Justice System" which pertains to co-condemned inmate Theodore Shove but also has Vieira's name inserted as a party aggrieved by the alleged treason.

Separately, Vieira describes the current status of the Federal Habeas Action. He states the Court currently is reviewing litigation to determine which issues can proceed for merits review and which issues are to be barred for untimeliness and other defaults or barred because they were denied on the merits on direct appeal before the California Supreme Court. He claims the entire process serves to limit federal review.

He argues that the undersigned, by not performing his judicial function, has committed a fraud upon the Court. In addition he maintains the undersigned has compromised his impartial participation concerning the claims presented.

Disqualification is predicated on 28 U.S.C. § 455(b) subdivisions (1), (2), (3), (4), and (5).

The relief Vieira seeks by this motion is to have the present action returned to the Northern District of California.

**V.    Discussion**

Habeas corpus is a limited remedy. Subsection (d) of 28 U.S.C. § 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

What Vieira is asking the Court to do is declare the California death penalty procedures unconstitutional. There is, however, no United States Supreme Court precedent for such a ruling. In *Johnson v. Williams*,___ U.S. ___, ___,133 S. Ct. 1088. 1098 (2013), the high Court reiterated that habeas relief may not be granted "unless a state court fails to follow *Supreme Court* precedent." (Citing 28 U.S.C. § 2254(d)(1); emphasis in original.) It is for this reason the Court earlier stated it is without authority to grant the relief Vieira has requested. Vieira's assertion that the allegations in his pro se petition state a prima facie case under 28 U.S.C. § 2241(c)(3) is mistaken. There is no United States Supreme Court recognized corrective process under habeas corpus for an allegedly

illegal state court death penalty procedure. Nonetheless, the Court is not abandoning its obligation to address the merits of the claims presented in the Federal Habeas Action.

Even without a corrective process for allegedly illegal state procedures, the litigation of the Federal Habeas Action will provide Vieira with the remedy he has been demanding since he began his pro se document submissions. That is, for the Court to review and address his Federal Habeas Action claims on the merits.

Vieira is under the mistaken impression that the Court is considering whether to find 36 of his 46 claims barred from federal review due to state procedural defaults. As noted above, the request of the Warden (through his counsel the State Attorney General) for the Court to litigate procedural default in advance of the merits was rebuffed in an order filed January 14, 2010. The Court explicitly informed the parties that merits review of the claims in the petition of the Federal Habeas Action would be conducted prior to a determination of whether any claims may be burdened with procedural bars.[7] Since that time, Vieira's appointed attorneys as well as the Warden's attorneys, have briefed the merits of the claims presented in the Federal Habeas Action. They also have briefed Vieira's motion for an evidentiary hearing and expansion of the record. The Court will consider the merits of those claims before addressing the Warden's argument that any claims are procedurally defaulted (including for untimeliness).[8]

As for the grounds Vieira offers for disqualification, they are either inapplicable or based on a misunderstanding of how this Court evaluates habeas corpus claims. Subsection (b) of 28 U.S.C. § 455 provides that a judge shall disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceedings;

(2) Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such

---

[7] Undertaking merits review prior to addressing procedural default is a case management policy followed by this Court in capital habeas actions. Other federal district courts in California may have adopted other case management policies.

[8] The Court has formed no opinion about the relative merits of Vieira's substantive claims, having not yet reviewed or evaluated the merits of those claims.

    association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
  (i) Is a party to the proceeding, or any officer, director, or trustee to a party;
  (ii) Is acting as a lawyer in the proceeding;
  (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

There is no allegation or argument that any of the circumstances outlined in the statute apply in this case. Rather, Vieira's complaint is that the undersigned has not addressed and will not address the merits of his substantive claims in the Federal Habeas Action. As noted above, this belief is unfounded.

The circumstances identified in 28 U.S.C. § 455(b) for disqualification relate to the impartiality of a judge presiding over a federal case. Under 28 U.S.C. § 144, a judge shall proceed no further in a case where a party files a "sufficient affidavit" demonstrating the judge's personal bias or prejudice in support of the opposing party or against the complaining party. The standard for determining if recusal or disqualification is appropriate is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2006) (citations and internal quotation marks omitted). Vieira's supporting declaration does not meet this sufficiency standard articulated in *Pesnell*. Moreover, the relief Vieira seeks, to have the case transferred back to the Northern District, will not accomplish his goal of having the merits of his substantive claims addressed. Those claims are pending in this Court in the Federal Habeas Action and will be addressed.

Having the merits of his substantive claims addressed on the merits is and has been the purpose of Vieira's pro se filings since his initial pro se submission in the Federal Habeas Action on March 10, 2009. While the substantive claims were being exhausted in state court, Vieira asked this Court to bypass exhaustion and address the merits of his claims before the California Supreme Court had completed its review. Once the California court entered its order and the case was returned to federal court, his request for merits review became a reality.

Yet since that time, Vieira has continued to submit pro se documents about the flawed state court procedures which he claims have denied him merits review. His objective, merits review, will be fulfilled in the Federal Habeas Action. If he would desist from his pro se submissions the Court will be is able to address the extensive merits briefing in the Federal Habeas Action sooner rather than later.

## VI.  Order

Based on the foregoing analysis,

1. Vieira's motion to disqualify the undersigned IS DENIED;
2. Vieira's petition IS DISMISSED;
3. Vieira's request for leave to proceed in forma pauperis and for further evidentiary development ARE DENIED AS MOOT;
4. The Clerk is directed to enter judgment consistent with this Order;
5. A certificate of appeal ability pursuant to 28 U.S.C. § 2253 IS DENIED.

IT IS SO ORDERED.

DATE:   April 12, 2013

/s/ Anthony W. Ishii
Anthony W. Ishii
United States District Judge